## NATIONAL SURFACE GUARD CO. *v.* MERRILL.

*(Circuit Court of Appeals, Sixth Circuit.   October 6, 1891.)*

1. PATENTS FOR INVENTIONS—ANTICIPATION—CATTLE-GUARDS.
   Letters patent No. 373,359, issued November 15, 1887, upon the application of John T. Gilbert, to James T. Hall, as assignee for a cattle-guard consisting of strips of perforated metal placed on edge, and fastened together by transverse rods passing through the perforations, and through sleeves placed between the strips, were anticipated by the Akin patent. (No. 183,099, October 10, 1876,) which shows parallel bars of wood, secured by notches in transverse timbers; and the Kline patent, (No. 141,566, issued August 5, 1873,) showing parallel wooden bars set at an incline, and presenting sharp angles at the upper edge, and secured in substantially the same manner as the metal bars of the Gilbert patent.

2. SAME—PIT AND SURFACE GUARDS.
   The patent cannot be sustained on the ground that the device is a surface guard, as distinguished from a pit guard, since no claim is made for this feature, and since such a claim would be invalid for anticipation by both the Kline and Akin patents, and the Dillon and Gartner patent, (No. 275,333, issued April 3, 1883,) which is declared by the specification to be an improvement, "whereby the use of the customary pits, as now constructed by railroads, may be dispensed with."

3. SAME—VIBRATING BARS.
   Letters patent No. 403,532, issued May 21, 1889, to James T. Hall, for an improvement in the guard by fastening the bars only at the ends, thus leaving them free to vibrate laterally when trod upon by animals, involves no patentable invention, and is, besides, substantially shown in the Akin and Kline patents.

4. SAME.
   Letters patent No. 418,014, issued December 24, 1889, to James T. Hall, for an improvement consisting in using bars with the ends turned down so as to raise the body thereof, and allow the use of a cross-bar so low as not to be caught by anything dragging under the train, and also presenting an angle at the upper side of the bar, contain no patentable invention.

5. SAME—GUARD-SHIELDS.
   Letters patent No. 421,928, issued February 25, 1890, to the same inventor, for inverted V-shaped shields, set upon the rods, and presenting a surface inclined in both directions, and extending from the top of the guard-rail to the tie, to avoid danger from any beam or chain hanging from a passing train, is a mere mechanical device.

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

.Suit by the National Surface Guard Company against Parker Merrill for infringement of patents. Decree below dismissing the bill. Complainant appeals. Affirmed.

*Parker & Burton* and *George Lothrop*, for appellant.

*Irish & Knappen*, for appellee.

Before BROWN, Circuit Justice; JACKSON, Circuit Judge; and SAGE, District Judge.

SAGE, District Judge. The suit is for the infringement of four patents for railway cattle-guards. The first, No. 373,359, was issued November 15, 1887, upon the application of John T. Gilbert, assignor, by mesne assignments, to James T. Hall; the second, No. 403,532, May 21, 1889, to James T. Hall; the third, No. 418,014, December 24, 1889, to James T. Hall; and the fourth, No. 421,928, February 25, 1890, to James T. Hall. The appellant is the owner of all these patents.

The Gilbert patent is for a cattle-guard consisting of thin strips of perforated metal, placed on edge, and tied together by rods fastened through the strips and through sleeves interposed between the strips. There are two claims, each for a specific construction of that character; the first reciting the strips, bolts, and sleeves in more general terms, and the second in more specific terms. The drawings show strips serrated on their upper edges, and the specification states that they may be serrated or not, at will.

The Hall patent No. 403,532 is composed of flexible bars set upon edge lengthwise of the track in the form of a grating, and free to vibrate laterally. It is supported by raised ties under the ends, and combined with sloping side fences.

In the Hall patent No. 418,014 the novel feature set up is the form of the bar, which is longitudinal, and turned down at each end, whereby the body of the bar is raised; and a cross-bar, so low as not to be caught by anything dragging under the train, can be used.

The invention claimed in the Hall patent No. 421,928 consists in the peculiar construction of inclined, inverted, V-shaped metal shields, set upon the connecting rods between the bars, and serving the double purpose of shields and of spacing blocks. As shields they present a surface inclined in both directions from the top of the guard-rail to the tie, to avoid danger from any beam or chain hanging or dragging from a passing train, and as spacing blocks they prevent lateral movement of the bars upon the connecting rods.

The argument upon the hearing was devoted exclusively to the validity of the patent to Gilbert, No. 373,359, and to the question of its infringement by the defendant. The contention of counsel for the complainant was that that was the pioneer patent, and, as such, entitled to a broad and liberal construction. The other two patents were referred to as subordinate or structural patents, the principles of which, it is

claimed in the brief, are embodied in the structure which the defendant has been making and selling. It is, however, practically conceded that the case turns upon the validity and the infringement of the Gilbert patent. We do not concur in the proposition that it should be recognized as a pioneer patent. The Akin patent, No. 183,099, October 10, 1876, shows parallel bars of wood, placed on edge, at stated distances, and secured by notches or gains in transverse timbers or sills. The moment, therefore, that complainant undertakes to sustain the charge of infringement by showing that the defendant uses a mechanical equivalent, although he does not use the precise method described and claimed in the Gilbert patent, he encounters an anticipation in the Akin patent. The specification of material in that patent is nothing more than a matter of selection, for it is stated that it is preferably, though not necessarily, wood. Moreover, the language of the specification in regard to the method of attaching and supporting and securing the bars is that "the parts may be attached by any of the known methods and devices equivalent to those shown."

The patent to Kline, of August 5, 1873, No. 141,566, for improvement in cattle-guards, shows parallel wooden bars, set at an incline, and presenting a sharp angle at the upper edge. These are secured substantially as the bars in the Akin patent. These two patents clearly show that the use of parallel bars set on edge so as to present a sharp angle at the upper surface, and secured at fixed distances from each other, was not new at the date of the issue of the Gilbert patent, which disclosed no new features excepting the peculiar and exact means of securing the bars, and the notched upper edges, which latter are not claimed.

But it is urged that the Gilbert guard is a surface guard, and that, although there was nothing novel in the mechanical device of fastening strips of wood or metal together by means of rods or bolts passed through perforations, or in the use of a sleeve or jacket over a rod to keep a bar from slipping up, and although (to use the expression in the testimony of the expert for complainant) there were thousands of pit guards in existence before the Gilbert patent, in which the pit was covered over in one way or another by bars or strips of wood to enable persons walking the track to pass over, and those bars were laid at intervals apart, and made to afford very small and insecure footing, so that it would be difficult for animals to pass over, and although it was common to set wooden bars or boards on edge across pits, the use of the same upon the surface, or, in other words, without the pit, was a novel feature, and unknown prior to the Gilbert patent. Upon the argument it was admitted that if the defendant's device—which consists of rods or bars, parallel with the rail, attached at equal distances to cross-beams between the rails, and formed of sheet-steel, bent nearly together in the form of an inverted U, into which the bent ends of diamond-shaped bars of steel are hooked, the bars being strained to a tension over the central cross-beam, which is higher than the others, and tied there by staples — were placed over a pit, instead of upon the surface, it would not be an infringement. The answers to this contention are: *First.* That the com-

plainant makes no claim to this feature. The claims are confined to the structure of the guard itself. *Second.* This contention brings the complainant face to face with anticipations which would make such a claim altogether invalid.

In the Kline patent the under surface of the bars is shown by the drawings to be on a level with the top of the ties, and some of them rest thereon. Referring to the specifications, we find a clear indication that it was a surface guard. The language is that the edges of the boards or bars "do not afford any foothold. The cow's foot slips down between the boards to the ground below. As soon as the cow advances to put down the next foot, she finds the other foot jammed by the change of her position," etc.

The Akin patent shows a shallow pit under two of the slats and under the sills "of sufficient depth to prevent hogs, sheep, and other animals having small feet from stepping through said slats on the ground below." With these exceptions, that guard is a surface guard. There is another patent which is a complete anticipation in this regard. It was granted April 3, 1883, to Dillon and Gartner, and is No. 275,333. It employs spike rollers, instead of the bars shown in the patents above referred to. It is declared in the specifications to be an improvement "whereby the use of the customary pits, as now constructed by railroads, may be dispensed with." It is therefore clear that the complainant can derive no benefit from this alleged feature of his patent. The defendant does not use strips of metal placed on edge, nor in any other respect does he employ the construction described in the complainant's patent; and we are of opinion that, if the patent were held valid, the defendant should not be held to be an infringer.

Our conclusion, however, is that the complainant's patent is anticipated by the patents above referred to, and that it is not valid.

With reference to the other patents involved in this suit, it is not necessary to consider them at length. No. 403,532 relates first to the matter of so constructing the guard that its rails or bars should be flexible, and free to vibrate laterally. This feature is covered by claims 1 and 2. Claims 3 and 4 relate to the combination of the guard with the fences and extended ties underneath the track. The main object sought is to secure the lateral vibration of the bars when trod upon by animals. To this end the patentee does away with the bearing of the bars upon all the ties underneath the guard, and uses only a minimum of supports under them, which he preferably accomplishes by the use of two ties, one at each end of the guard. We do not think that a patentable feature. It is shown substantially in the Akin patent and in the Kline patent. It is scarcely necessary to add that, the patent being invalid in this respect, the claims relating to the combination are also invalid.

We are of opinion that there are no patentable features in No. 418,-014. Each bar is provided with turn-down ends, forming legs or supports. These raise the body of the bar, and dispense with the necessity of using a cross-bar of any considerable depth, but there was nothing new in this feature. As to the other feature, of presenting an angle at

the upper side of the bars, that is shown in the Kline patent bars. In our opinion, this patent is invalid.

The shield or guard pieces which are claimed singly and in combination in No. 421,928 are substantially the same, and amount practically to substitutes for the sleeves on the rods shown in the Gilbert patent, excepting that they present inclined surfaces to any hook or chain dragging from a passing car. We find that this was nothing more than a mechanical device, which, before the date of the patent, had been in common use in various structures, and that it shows nothing novel or patentable, either singly or in any of the combinations claimed.

The decree of the court below dismissing the bill is affirmed.